**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LA'CINDA JONES-TROTTER : | |
| 204 E. Walnut Park Drive : | |
| Philadelphia, PA 19120 : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. _____ |
| : | |
| S. ARCHYE LEACOCK : | |
| 2305 N. Board Street : | |
| Philadelphia, PA 19132 : | **JURY TRIAL DEMANDED** |
| and : | |
| THE INSTITUTE FOR THE : | |
| DEVELOPMENT OF AFRICAN- : | |
| AMERICAN YOUTH, INC. : | |
| 2305 N. Broad Street : | |
| Philadelphia, PA 19132 : | |
| : | |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1.    This action has been initiated by La'Cinda Jones-Trotter (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" – 43 P.S. §§ 333.101 *et. seq.*), and the Pennsylvania Wage Payment and Collection Law ("WPCL" – 43 P.S. §§ 260.1, *et. seq.*). Defendants failed to properly pay Plaintiff overtime compensation during her period of employment (as well as other wages owed).

### II.  JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under federal laws. There is supplemental and/or ancillary jurisdiction

over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      S. Archye Leacock ("Defendant Leacock") is the founder, owner, and executive director of The Institute for the Development of African-American Youth, Inc., a/k/a IDAAY ("Defendant IDAAY").

8.      Defendant IDAAY operates from its headquarters and primary location in Philadelphia, Pennsylvania (as captioned above). Defendant IDAAY is a non-profit organization providing education, leadership, and support to at-risk youth and families (through numerous services and programs).

9.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendants on or about February 16, 2015; and in total, Plaintiff was employed by Defendants for almost eleven (11) years.

12.     At the time of Plaintiff's involuntary termination from employment, on or about January 5, 2026, Plaintiff was referred to by Defendants as a "Director."

13.     Plaintiff had been referred to as a "Director" by Defendants from in or about July of 2024 through her separation from employment (in January of 2026). Thus, this was Plaintiff's designation during Plaintiff's last approximately 1.5 years of employment.

14.     Prior to being referred to as a Director, Plaintiff was referred to as a Supervisor. Plaintiff worked under the title of Supervisor for many years.

15.     In this lawsuit, Plaintiff asserts that she was not paid overtime compensation properly and that she was misclassified as an "exempt" employee during a three-year look-back period (the timeframe permitted for a recovery under applicable wage and overtime laws).

16.     During the aforesaid three-year look-back period, Plaintiff worked as a Supervisor for approximately 1.5 years and as a Director for 1.5 years (*or as she was so titled* by Defendants).

17.      Plaintiff does not have any college, university or advanced degrees. She has a high-school diploma. Plaintiff learned roles at jobs through on-the-job training.

18.    Plaintiff was paid a $40,000.00 per-year salary when titled "Supervisor" and a $50,000.00 per-year salary when titled Director.

19.    Plaintiff was exploited by Defendants who knowingly and/or recklessly referred to Plaintiff as a management-employee when Plaintiff did not in fact perform the <u>primary duties</u> of management.

20.    While titled "Director" during Plaintiff's last approximate 1.5 years of employment, Plaintiff's typical day consisted of the following:

- She would go to court to assist with (and provide support for) specific children, usually by herself, and she would be present in the courtroom or court setting from about 9:30 AM – 12 PM. During this timeframe, she performed no company management duties and handled matters for assigned youths.

- After court proceedings, Plaintiff would visit the homes of parents of such troubled youth and meet with parents as required by Department of Human Services ("DHS") policies or regulations and other expectations. During the several hours of parental visits, which she usually did on her own, Plaintiff did not perform any company management duties. Instead, she provided matters for assigned youths.

- Upon returning from performing parental meetings for troubled youths, Plaintiff performed (and held) a group meeting wherein she met in a group setting with youths and discussed their concerns, problems, and talked to them in a manner encourage betterment. Plaintiff moderated a group session with youths on her own typically from 4 PM – 7 PM each day. During this timeframe, Plaintiff did not perform any company management duties.

21.    From in or about 9:30 AM – 7 PM each day that Plaintiff worked, she typically did not perform any ordinary management duties (as would be expected of a manager in <u>any</u> industry). Instead, Plaintiff functioned as a direct care overseer for troubled youths (which are the very services for which Defendants are paid).

22.    Defendants' characterization of Plaintiff being a "Director" was for Plaintiff to ensure others were assigned their own cases and for Plaintiff to be available to answer questions from other staff members. Of course, having a "Director" is also required to receive serve

funding. However, Plaintiff's primary duties were that of a direct-care or direct-provider of services (*of the very services offered by Defendants' enterprise*).

23.    Plaintiff typically averaged 10 – 14 hours per day of work on weekdays. After conducting group sessions for youths, Plaintiff had other duties to perform. After the 7 PM group session ended on weekdays, Plaintiff had to make a tremendous amount of telephone calls to verify information about the youths and to ensure matters were completed for the day.

24.    Plaintiff also generally worked seven (7) days per week for Defendants. On weekends, Plaintiff was very busy handling any on-call issues for the youths, verifying curfew compliance, and handling an array of other miscellaneous matters for such youths. Plaintiff worked every weekend for Defendants.

25.    Plaintiff generally averaged no less than sixty (60) hours per week for Defendants, ***and sometimes much more per week***. Plaintiff was only ever paid her $40,000 per-year salary or $50,000 per-year salary (when referred to as a Supervisor and then as a Director), and no overtime compensation.

26.    Defendants have run their business so haphazardly that Plaintiff was told at times she was not being paid because Defendants had to use funds for something else or claimed not to have enough money to pay her for that month. Plaintiff at times experienced significant late or untimely paid compensation. This is further addressed in Plaintiff's Count section of this lawsuit but noteworthy to illustrate Defendants' wide range of pay and compensation violations, inclusive of knowing overtime violations.

27.    Plaintiff's duties were similar both as a Supervisor and a Director (as she was labeled by Defendants). Plaintiff's job titles as aforesaid lack any relevance whatsoever under applicable law(s) as to determining exemption applicability.[1]

28.    State and federal laws do exempt employees who meet the "executive" exemption from overtime entitlements. To meet such an exemption, the employee must be: (a) paid qualifying salary; and (b) perform "<u>primary duties</u>" that are executive management in nature. *See* 29 C.F.R. 541.100. More specifically, "an exempt 'executive' is any employee:"

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
>
> **(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;**
>
> **(3) Who customarily and regularly directs the work of two or more other employees; and**
>
> **(4) Who has the authority to hire or fire other employees . . .**
>
> *See Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*), 2012 U.S. Dist. LEXIS 101095, at *66 (W.D. Pa. 2012), citing, 29 C.F.R. § 541.100(a).

---

[1] *See* 29 C.F.R. § 541.2 Job titles insufficient: "**A job title alone is insufficient to establish the exempt status** of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary **and duties meet the requirements of the regulations in this part**." (Emphasis added). *See also Marshall v. Nat'l Freight, Inc*., 1979 WL 1977, at *10 (D.N.J. 1979)(explaining that although accounts payable supervisor had a complex and laborious job, he was non-exempt because the majority percentages of his daily duties involved processing transactions and document review pursuant to company guidelines); *Shultz v. A.E. Burgess Co*., 1970 WL 668, at *4 (N.D. Ala. 1970)(field office manager was non-exempt under FLSA because the majority of his time was spent on non-exempt duties); *Roberts v. Nat'l Autotech, Inc*., 192 F. Supp. 2d 672, 675 (N.D. Tex. 2002)(granting summary judgment to the plaintiff, a store manager, because the majority if his time was spent doing non-exempt types of job duties making the managerial or administrative exemptions inapplicable under the FLSA); *Oliva v. Infinite Energy Inc*., 2012 WL 11868265, at *8-9 (N.D. Fla. 2012)(granting summary judgment to delinquent account overseers because the majority of their job was calling upon debtors and collecting documents which are non-exempt duties, making that their "primary duty").

29.     While Plaintiff did ensure certain cases were assigned based upon region geographically to others and serve as an experienced person to answer questions, it is indisputable that <u>more than</u> 95% of Plaintiff's daily work consisted of merely being a direct provider of services offered by Defendants.

30.     Plaintiff did not: (a) help create policies of Defendants; (b) participate in high-level management meetings about company operations, goals or leadership matters; (c) have authority to directly hire or terminate (only to ask or recommend subject to others making such decisions); (d) work in an office setting throughout her day as some type of ordinary manager; and (e) she most certainly did not have "primary duties" of management.

31.     An analogous line of cases would be that of a working foreman in construction. Plaintiff simply performed the duties of others as direct care while being available to ensure other work was assigned or to answer questions. In cases where employees (other than Plaintiff) had far more (or actual) supervisory duties, courts have rejected (untenable) assertions of exempt status. *See e.g. Coleman v. Morris-Shea Bridge Co.*, 2020 U.S. Dist. LEXIS 219046, at *29 (N.D. Ala. 2020)(although the defendant labeled the plaintiff a "superintendent" or "foreman," summary judgment was denied because evidence reflected the majority of the plaintiff's work was labor-related and similar to that of other employees, not management); *Peperissa v. Coren-Indik, Inc.*, 298 F. Supp. 34, 38 (E.D. Pa. 1969)(granting judgment under FLSA to the plaintiff because the plaintiff functioned as a working foreman periodically giving supervisory advice, a non-exempt role, wherein most of his work was that of labor or construction with very limited managerial duties).[2]

---

[2] *See also e.g. Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008)(affirming $35,000,000 verdict against the defendant because a class of store managers performed primary duties of non-management including stocking, cashier work, etc…); *Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*), 2012 U.S. Dist. LEXIS 136252 (W.D. Pa. 2012)(denying summary judgment and explaining

32.     Moreover, Defendants made no effort(s) or attempt(s) to track Plaintiff's time or work hours. Thus, Defendants did not properly track Plaintiff's exact time (nor account for it in her payroll), violating state and federal record-keeping requirements.[3]

33.     Plaintiff ***very conservatively*** estimates being owed the following in unpaid overtime compensation (during the statutory look-back period):

  (1) As a "Director:" Plaintiff worked approximately 78 weeks at a $50,000 salary. She thus had a statutory hourly rate of $24 and an overtime rate of $36 per hour. At an average of no less than 20 hours per week of overtime, Plaintiff is owed no less than **$56,160.00** during her last approximate 1.5 years while labeled a "Director."

  (2) As a "Supervisor:" Plaintiff worked approximately 78 weeks at a $40,000 salary. She thus had a statutory hourly rate of $19.23 per hour and an overtime rate of $28.85 per hour. At an average of no less than 20 hours per week of overtime, Plaintiff is owed no less than **$45,000.00** during her last approximate 1.5 years of being labeled a Supervisor (prior to the adjusted job title to Director).

34.     In unpaid overtime, Plaintiff in total is owed no less than $101,160.00 during a 3-year lookback. This is of course very conservative, as Plaintiff often worked well in excess of 60-hour workweeks. This sum is required to *automatically* be doubled for liquidated damages.[4]

---

a jury could readily conclude employee titled "manager" who performed mostly sales and other labor had "primary duties" other than management); *Marshall v. Coastal Group Management*, 1980 U.S. Dist. LEXIS 11704 (D.N.J. 1980)(reaffirming the denial of summary judgment as to managers explaining they spent most of their time prepping food, cooking, handling customers, working the cash register and cleaning finding assertions of the "executive exemption" to be "untenable").

[3] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c).  **As a result, an employee's estimates of hours typically worked may be accepted.**  *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004). An employer cannot fail to follow laws only to later use such failure as a proverbial sword to question or challenge the employee's hours worked.

35.     Under state and federal laws, Plaintiff is entitled to more than $200,000.00, **plus** legal fees and costs (as also required under the FLSA and applicable state law).

36.     Plaintiff was misclassified (as exempt), not paid overtime compensation as legally mandated, Defendants failed to account for or track Plaintiff's actual work hours, and Plaintiff is owed hundreds of thousands of dollars in unpaid overtime compensation (in addition to costs and legal fees). As a matter of fact, and law, Defendants are unable to set forth any contrary facts that Plaintiff could plausibly be construed to meet an "executive exemption" under state or federal laws.[5]

37.     All of the actions and omissions set forth in this lawsuit were wholly perpetrated by Defendant Leacock who at all times controlled and set compensation, oversaw payroll, and failed to abide by state and federal regulations with respect to compensation.

---

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[5] The FLSA exempts from its overtime provisions "any 'employee in a **bona fide** executive . . . capacity.'" *Soehnle v. Hess Corp.,* 399 F. App'x 749, 750 n.1 (3d Cir. 2010)(quoting 29 U.S.C. § 213(a)(1)). In light of the broad remedial purpose of the FLSA, exemptions **are narrowly construed** against the employer. *Madison v. Resources for Human Dev., Inc*., 233 F.3d 175, 183 (3d Cir. 2000). Plaintiff could not qualify as an executive under any national jurisprudence interpreting the FLSA, particularly in light of such exemptions being so narrowly construed against employers.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff was not properly paid for all owed overtime as explained *supra*.  And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute violations of the PMWA.

**Count III**
**Violations of the Pennsylvania Wage Collection and Payment Law ("WPCL")**
**(Failure to Pay Owed Wages)**
**- Against Both Defendants -**

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff was often paid late per pay period, and Plaintiff was not paid her final payroll post-termination. Plaintiff remains owed outstanding compensation from her final payroll period.

44.     These actions as aforesaid constitute violations of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting overtime, wage, and other employment-law violations;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, benefits, pension or other employee perks, and other applicable compensation;

C.      Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D.      Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.

                                  Respectfully submitted,

                                  **KARPF, KARPF, & CERUTTI, P.C.**


                          By:     _____
                                  Ari R. Karpf, Esq. (Attorney I.D. No.: 91538)
                                  8 Interplex Drive, Suite 210
                                  Feasterville-Trevose, PA 19053
                                  (215) 639-0801
                                  akarpf@karpf-law.com

Date: January 13, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| La'Cinda Jones-Trotter | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| S. Archye Leacock, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 1/14/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Defendants place of business___

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
JONES-TROTTER, LA'CINDA

**DEFENDANTS**
S. ARCHYE LEACOCK, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210,
Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury – | Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA, PMWA and the WPCL.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  1/14/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____